UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>HERIBERTO AVALOS,<br><br>Defendant | CASE NO. 1:09-CR-0075 AWI-1<br><br>ORDER RE MOTION REQUESTING EARLY TERMINATION |

Defendant Heriberto Avalos ("Avalos") plead guilty to two counts in September 2011:  (1) possession of methamphetamine with the intent to distribute and aiding and abetting; and (2) possession of cocaine with intent to distribute and aiding and abetting.  See Doc. Nos. 55, 66; see also 18 U.S.C. § 2; 21 U.S.C. §§ 841(a), (b)(1)(A).  On October 17, 2011, Avalos was sentenced to two concurrent terms of 70 months imprisonment and 60 months of supervised release.  See Doc. No. 66.

On February 22, 2016, Avalos filed this motion for early termination of supervised release under 18 U.S.C. § 3583(e).  The application is very short.  Avalos states that:  (1) he has spoken to his attorney and probation officer and these individuals can be contacted for feedback, (2) he has complied with his responsibilities under supervised release, and (3) he asks that the Court consider these points and give him the opportunity to show that he can make it.  See Doc. No. 77.  Avalos's motion is identical to a prior motion that he filed on February 9, 2015.  See Doc. No. 75.  The prior motion was denied on the recommendation of Avalos's probation officer because in July 2014, Avalos was found to be in association with another felon who was on probation, and that felon's probation was subsequently revoked.  See Doc. No. 76.

Here, the Court will not grant Avalos's motion or require a response from either the Probation Office or the United States Attorney's Office.  Avalos's motion provides too little

information for the Court to grant relief, even if the Probation Office and the Government did not oppose early termination. For example, Avalos does not explain his employment status or his current activities, does not state how much of his term of probation has been completed to this point, does not address the prior denial for an early termination, and does not discuss the crimes for which he was convicted. Resubmitting the bare bones motion that was denied in 2015 is insufficient. Without more information from Avalos, there is no basis for relief or for a governmental response. Therefore, Avalos's motion will be denied. However, this denial will be without prejudice to Avalos resubmitting a more substantial motion that provides additional facts that could support a basis for early termination under 18 U.S.C. § 3583(e).[1]

Accordingly, IT IS HEREBY ORDERED that Avalos's motion for early termination is DENIED.

IT IS SO ORDERED.

Dated:   September 16, 2016                            _____
                                                      SENIOR DISTRICT JUDGE

---

[1] The Court notes that 18 U.S.C. § 3583(e) requires consideration of various factors identified in 18 U.S.C. § 3553(a).

2